412

## CIRCUIT COURT OF THE CITY OF ROANOKE

Newell Industrial Corporation

v.

Lineal Technologies, Inc.,
William S. Morris,
Earl L. Dodson,
and MW Manufacturers, Inc.

October 2, 1997

Case No. CH96-439

BY JUDGE ROBERT P. DOHERTY, JR.

Defendants Morris and Dodson were formerly the two most senior employees at the Plaintiff Newell Industrial Corporation's Roanoke facility. They left their employment and formed Lineal Technologies, Inc. Defendant Lineal competes directly with Plaintiff in the business of manufacturing and selling extruded vinyl window parts. Defendant Lineal has bid and received large orders for their product from MW Manufacturers, Inc., a former major customer of Plaintiff Newell. Plaintiff claims that while in Newell's employ, Defendants Morris and Dodson breached their fiduciary duty and used deceit by planning to form a new company, hiding business opportunity, and diverting that business opportunity to their own use, hereby competing unfairly with Plaintiff. Newell asks for a variety of relief, including a preliminary injunction prohibiting Defendant Lineal from doing business with MW Manufacturers, Inc. Defendants deny any wrongdoing. MW joined in this lawsuit in support of, and to protect its business relation with, Defendant Lineal. The Court finds that the facts do not justify Plaintiff's allegations.

Morris and Dodson did not have a non-competition agreement with Newell. In April 1995, they met with MW to discuss Newell's being able to bid on MW's new vinyl window program. They assured MW that Newell would commit the necessary capital to the bid, even though they themselves felt that such a capital commitment may not be forthcoming. Their

conversation at that time did not amount to a self-serving solicitation of MW's business for themselves. After that meeting, Morris and Dodson began exploring the possibility of setting up their own business. One of their reasons was that they felt Newell's business philosophy would prevent Newell from expanding into production of all vinyl window products. Morris and Dodson believed that they would be able to fill that need with a new company. Despite their actions of seeking financing and meeting with an individual to help them plan the creation of a new business, they continued to encourage Newell to invest the necessary capital to make a bid on MW's new project. When it appeared to them that Newell would go into this new business area, they ceased planning for their own company. Near the end of the year, the same questions of the availability of capital again surfaced. Morris and Dodson thought that a business opportunity was being lost and that they were not being appreciated at Newell. They determined that it was time for them to leave their employment and start their own business.

In January 1996, Morris and Dodson resigned their jobs at Newell and formed Lineal. They did not take anything tangible with them from Newell. In forming their new company, they relied heavily on the business experience and business contacts that they had gained while employed by Newell. They were aware from the start that the time for submission of bids on the all-vinyl window program at MW had lapsed, and so they did not initially submit one. Notwithstanding the time limitations, upon learning that Lineal had been formed, MW invited them to submit a late bid. They submitted the winning bid. In doing so, they did not use any proprietary secrets or specific business information belonging to Newell. All they did was compete with Newell.

The evidence submitted was not sufficient to convince the Court that the Defendants violated any fiduciary duty owed to Newell or that they engaged in deceit or that they misappropriated a corporate opportunity. They did not employ improper methods in forming a new corporation and in dealing with a former customer of Newell. They had no duty not to compete with their former employer. See *Peace v. Conway*, 246 Va. 278 (1993).

When considering the issuance of a preliminary injunction in a case such as this, the Court looks at the equities of the situation, some of which are outlined in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). They include the likelihood of harm to one of the parties and the likelihood that the moving party will be the successful litigant. Here there is ample evidence to show that all of the parties stand a risk of harm depending on whether a preliminary injunction is issued or not. The deciding factor, however, is the Court's observation that it does not appear that the Plaintiff

414

will likely be the successful litigant. Accordingly, the Motion for a preliminary injunction is denied.